J-S38005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK A. JORDAN | : | |
| | : | |
| Appellant | : | No. 3322 EDA 2024 |

Appeal from the PCRA Order Entered November 21, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0622511-1986

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:             **FILED FEBRUARY 23, 2026**

Frank A. Jordan appeals from the order entered denying his request for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He claims he raised a meritorious **Brady** claim for newly discovered witness statements.[1] We affirm.

In 1986, a jury convicted Jordan of nine counts of second-degree murder, two counts of arson, two counts of causing a catastrophe, and one count of aggravated assault. The PCRA court summarized the facts giving rise to Jordan's convictions. **See** Order and Opinion, filed 11/21/24, at 2-5. The convictions resulted from evidence that Jordan set fire to an apartment complex, the Latonia Apartments, and caused the death of nine victims.

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

The court imposed six consecutive terms of life imprisonment, three concurrent terms of life imprisonment, and 15 years of reporting probation. We affirmed the judgment of sentence in June 1993. *See Commonwealth v. Jordan*, No. 03326 Phila. 1992 (Pa.Super. filed June 15, 1993) (unpublished mem.). The Pennsylvania Supreme Court denied review in November 1993.

Jordan filed the instant petition, his second, in February 2024. In an amended petition, he alleged that on April 23, 2024, he had reviewed the District Attorney's files and found "the names and interviews of two witnesses who were interviewed at the scene but were not disclosed to Mr. Jordan through discovery." Amended Petition for Post-Conviction Relief Pursuant to the Post-Conviction Relief Act, filed 6/5/24, at ¶ 12. The two witnesses were Susan Sheehan and Thomas Lazar. The statements with some redactions were in a document titled, "Investigation Interview Record." Under the name "Susan Sheehan" the document read, "[S]aw Frank Jordan as she came out of apt around 2am, with two other males in Trans Am or Camaro with Jersey tags. They were hanging in parking lot area. They then left." *See id.* at Exhibit A ("Statements"). Under the name Thomas Lazar, it stated, "Dropped Susan Sheehan off. Then saw Jordan in car coming down [Bustleton] Ave. near Wawa, a girl in back of car. Lazar did not know Jordan by name was told name of Frank Jordan by Susan Sheehan." *Id.*

Jordan claimed that these statements were exculpatory "because they put Mr. Jordan with friends at the time the fire took place and then on Bustleton Avenue shortly thereafter." *Id.* at ¶ 23. Jordan claimed the evidence

was allegedly suppressed in violation of **Brady**. Jordan claimed the unknown facts and governmental interference time-bar exceptions.

The PCRA court held an evidentiary hearing, where it heard testimony from Lazar and the assistant district attorney ("ADA") who handled Jordan's trial. Lazar stated that the night of the fire, he and Sheehan had visited the Latonia Apartments to see one of his friends. N.T., Hearing Volume I, 10/24/24, at 18, 25, 26. They left around 2:00 a.m. and saw Jordan in the parking lot. **Id.** at 27. He explained that he knew Jordan from being in the area and had seen him a few times. **Id.** at 18. Jordan asked Lazar "[i]f somebody was home," referring to the apartment building. **Id.** at 27. Lazar then left to take Sheehan home. **Id.** at 26, 33, 37. On his way, he saw Jordan driving in the direction of the building. **Id.** at 29, 41. He stated this was about 15 minutes after seeing Jordan in the apartment parking lot. **Id.** at 29. He also saw firetrucks going in the direction of the apartment. **Id.** at 19-20. The next morning, around 8 a.m., Lazar returned to the Latonia Apartments to see what happened and spoke with the police. **Id.** at 34.

The ADA testified that if the statements that Jordan found were in his file, he would have passed them to defense counsel. **Id.** at 60. He agreed that the document with statements from Lazar or Sheehan was not listed on the discovery list. **Id.** at 57-58. The ADA stated that he did not have an "independent recollection of turning [the statements] over personally[.]" **Id.** at 60. The ADA also stated that he did not believe the statements to be

exculpatory since they placed Jordan at the crime scene "at or about the time that the crime occurred." ***Id.*** at 52.

The court dismissed Jordan's PCRA petition. Though it found that he satisfied the unknown facts time-bar exception, it concluded that there was no ***Brady*** violation because Jordan did not sustain prejudice. ***See*** Order and Opinion at 9, 11-12; 42 Pa.C.S.A. § 9545(b)(1)(ii). This timely appeal followed.

Jordan raises the following issue:

> Whether the PCRA Court erred in dismissing [Jordan's] amended PCRA petition where [Jordan] pled and proved that the newly discovered witness statements of Ms. Susan Sheehan and Mr. Thomas Lazar were suppressed by the Commonwealth in violation of ***Brady v. Maryland*** and were material, exculpatory and would have changed the outcome of [Jordan's] trial.

Jordan's Br. at 5.

When reviewing the denial of PCRA relief, we "must determine whether the PCRA court's order is supported by the record and free of legal error." ***Commonwealth v. Shields***, 347 A.3d 734, 744 (Pa.Super. 2025) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Id.*** (citation omitted).

We first agree with the PCRA court that Jordan satisfied the unknown facts time-bar exception. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (stating this Court must first address the timeliness requirement of PCRA before discussing merits of ***Brady*** claim). The PCRA court found that

- 4 -

Jordan first obtained the statements from Lazar and Sheehan in April 2024, and they "were never provided in discovery[.]" Order and Opinion at 9. Jordan had one year from the time he discovered the statements to file a petition. *See* 42 Pa.C.S.A. § 9545(b)(2). He filed the instant petition within two months of discovering the statements. Thus, the court's determination that Jordan's petition is timely is supported by the record.

However, Jordan's *Brady* claim fails on the merits. Jordan argues that he presented a meritorious *Brady* claim based on the Commonwealth's failure to provide Lazar's and Sheehan's statements. He states that Sheehan's statement discloses that 12 minutes before the 911 call reporting the fire, "she saw Jordan hanging out in the parking lot with friends." Jordan's Br. at 18. He argues that this is "[i]n contrast to the Commonwealth's theory" of the case. *Id.* He further maintains that the statements were exculpatory and favorable since they placed him "with friends at the time the fire took place and then on Bustleton Avenue shortly thereafter." *Id.* at 14.

Jordan argues that if the statements are believed, "at least one rapidly spreading fire, if not two, would have had to have burned unnoticed by residents for a significant amount of time." *Id.* at 21-22. He asserts that the Commonwealth's case rested on his confession – which he now claims, without evidence, was coerced – an inmate's testimony, and a lighter found in Jordan's pocket. *See id.* at 16. Jordan also avers that based on the timeline of events and Lazar seeing him around 2:00 a.m., he would have had to set both fires before 2:00 a.m. *See id.* at 21.

As to prejudice, Jordan claims that if the defense had had the statements, counsel could have interviewed the witnesses and found additional exculpatory evidence. He alleges that this could have led to expert testimony "regarding the inability of Jordan to set the fire, given the timeline of when the first 911 call took place." *Id.* at 17.

To succeed on a *Brady* claim, the petitioner must show that: (1) the Commonwealth suppressed evidence; (2) the evidence, whether because it is exculpatory or impeaching, is helpful to the defendant; and (3) the suppression prejudiced the defendant. *Commonwealth v. Mickeals*, 335 A.3d 13, 24 (Pa.Super. 2025). Prejudice is established for purposes of *Brady* where the petitioner demonstrates a "reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Commonwealth v. Conforti*, 303 A.3d 715, 730 (Pa. 2023) (citation omitted).

Here, the PCRA court determined Jordan's *Brady* claim lacked merit because he failed to show prejudice.

> In this case, [Jordan] cannot demonstrate prejudice based on the nondisclosure of Thomas Lazar's and Susan Sheehan's comments to Detective Bennett on May 8, 1996. The responses given by both Lazar and Sheehan are not exculpatory of [Jordan] and their disclosure would not likely have resulted in a different outcome at trial. In fact, they corroborate the Commonwealth's position that [Jordan] was at the Latonia Apartment Complex at the time of the fires. In Detective Bennett's notes, Sheehan said that she saw [Jordan] in the apartment complex parking lot around 2:00 a.m. roughly twenty minutes before he heard fire trucks

responding to the fire.[2] Lazar said that after dropping Sheehan off, he saw [Jordan] driving down Bustleton Avenue towards the Latonia Apartment Complex. Neither of these statements, nor the testimony Lazar gave at the Evidentiary Hearing, calls into question [Jordan's] guilt.

At trial, the evidence showed that [Jordan] confessed to starting the fires to both police and to a jail informant and that the fires started on the basement floor, initiated with dry materials like paper or cardboard. [Jordan] told Detectives Morton and Cashman that he started the fires with a BIC lighter by setting cardboard on fire in the basements of the two outbuildings of the Latonia Apartment Complex. He showed the detectives the lighter that he use[d] to start the fires. N.T. 9/11/1987 at 110-117.

A fire expert testified that the fire was initiated intentionally and was most likely started by "Class A combustibles," meaning dry materials like paper or cardboard. N.T. 9/14/1987 at 237. Roger Allen, a resident of the Latonia Apartment Complex, testified that the fire started on the basement floor, where he lived. N.T. 9/14/1987 at 178-182.

While in a detention center, [Jordan] told Francis Kelly that he started the fires to watch the fire engines and that he did so with paper, rags, and a lighter. [Jordan] told Kelly that he planned to evade responsibility for the fires by claiming to be with a girl at the time the fires were set and, if that didn't work, he would claim that his "brain operation" would supply a defense.

Order and Opinion at 10-11.

The PCRA court's decision to dismiss Jordan's PCRA petition is supported

by the record and free of legal error. Jordan fails to demonstrate that there is

a reasonable probability that had the evidence been disclosed to the defense,

_____

[2] The court states that Sheehan heard fire trucks. However, Lazar testified that he saw Jordan in the parking lot around 2:00 a.m. and saw fire trucks going in the direction of the apartments between 5 and 20 minutes later. *See* N.T., 10/24/24, at 20, 27, 29, 31-32, 38.

the result of the proceeding would have been different. As the PCRA court pointed out, Jordan admitted to causing the fires and provided police with the instrument used to start them, a lighter. Moreover, an informant testified that Jordan confessed to setting the fire. Additionally, Jordan's claim that the statements make it impossible for him to have set the fires is speculative. The call for the fire came in at 2:13 a.m., and Jordan was last seen at the apartment in the parking lot. This, paired with his confession to the fires, was overwhelming evidence of his guilt, and as the PCRA court pointed out, the statements corroborate the Commonwealth's theory of the case. We therefore affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/23/2026